(Reap. Dec. 9641)

AD. M. SCHMID & CO. *v.* UNITED STATES

Entry No. 827851, etc.

(Decided March 22, 1960)

*Barnes, Richardson & Colburn* for the plaintiff.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

LAWRENCE, Judge: The appeals for a reappraisement enumerated in schedule A, attached to and made part of the decision herein, have been consolidated for determination.

The parties hereto have entered into a stipulation of fact which reads as follows—

IT IS HEREBY STIPULATED AND AGREED subject to the approval of the Court that the merchandise covered by the appeals for reappraisement enumerated in Schedule A, hereto attached and made a part hereof consists of certain dental instruments exported from Germany.

IT IS FURTHER STIPULATED AND AGREED that the appeals for reappraisement enumerated in Schedule A are limited to the items marked "A" and initialed JZ (Examiner's Initials) by Examiner Joseph Zeikel (Examiner's Name).

IT IS FURTHER STIPULATED AND AGREED as to the items marked "A" as aforesaid that the prices at the time of exportation of the instant merchandise to the United States at which such or similar merchandise was freely offered for sale for home consumption to all purchasers in the principal markets of the country from which exported in the usual wholesale quantities and in the ordinary course of trade, including the cost of all containers and coverings of whatever nature, and all other costs, charges and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, were the appraised values less 3%, and that there was no higher export value for such or similar merchandise.

IT IS FURTHER STIPULATED AND AGREED that the appeals for reappraisement enumerated in Schedule A are limited to the items marked "A" as aforesaid and abandoned as to all other items and that the said appeals for reappraisement may be submitted upon this stipulation.

Upon the record before the court, I find and hold that foreign value, as that value is defined in section 402(c) of the Tariff Act of 1930 (19 U.S.C. § 1402(c)), as amended by the Customs Administrative Act of 1938, is the proper basis for determining the value of the dental instruments in controversy represented by the items marked "A" and initialed "JZ" by Examiner Joseph Zeikel on the invoices accompanying the entries covered by the instant appeals, and that said value is the appraised values, less 3 per centum. As to all other merchandise, the appeals are dismissed.

Judgment will issue accordingly.